UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LANGON EVANS | |
| VERSUS | CIVIL ACTION |
| APTIM CORPORATION | NO. 18-984-JWD-EWD |

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* (Doc. 5.) filed by Defendant APTIM Corp. ("APTIM" or "Defendant"). Plaintiff Langon Evans ("Plaintiff") opposes the motion. (Doc. 9.) APTIM has filed a reply. (Doc. 11.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the Defendant's motion is granted.

I. **Relevant Factual Background**

The following factual allegations are taken from Plaintiff's *Petition for Damages* (Doc. 1-2 at 3-7.) They are assumed to be true for purposes of this motion. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502-03 (5th Cir. 2014).

Plaintiff alleges that he was employed with Defendant or its predecessors for more than forty-five years. (Doc. 1-2 at 3.) As of October 2, 2017, Plaintiff alleges that he earned the following benefits: (1) received a base salary of $250,000 per year, plus paid holiday and paid vacation; (2) participated in the group health insurance, retirement, and other benefits offered by

JURY

Defendants; (3) was eligible to receive a bonus for 25% of his annual salary; (4) had use of a company vehicle; and (5) had use of a company cell phone. (*Id*.)

While Plaintiff was employed with Defendant, he was supposedly offered another job at Allied Power ("Allied"). (*Id*.) Allied's offer allegedly came with a raise of $50,000, the opportunity to earn a bonus of up to 35% of his annual salary, a sign-on bonus of $125,000, five weeks of vacation a year, and similar benefits. (*Id*. at 4.) Plaintiff states that the offer from Allied included a thirty-six-month period in which he could only be fired for "cause." (*Id*.) Plaintiff supposedly accepted the offer from Allied. (*Id*.)

Following Plaintiff's acceptance of Allied's offer, Plaintiff states he informed his superior at APTIM that he was terminating his employment and accepting a position at Allied. (*Id*.) In response, Plaintiff asserts that the CEO of APTIM offered him the following if he would stay at APTIM: (1) annual salary of $311,000; (2) 200 vacation hours per year; and (3) participation in "Incentive Compensation Program." (*Id*. at 5.) Further, Plaintiff claims that a provision was written on the contract by hand that he would be employed with Defendant for at least five years. (*Id*.) After receiving this offer, Plaintiff choose to stay with APTIM. (*Id*.)

However, Plaintiff alleges that he was terminated without cause on February 22, 2018. (*Id*.) Plaintiff claims that he performed his job without complaint during the four months between his old and new contract. (*Id*.) Plaintiff states he has since found other employment after being terminated, but on less favorable terms than any of the previously discussed offers. (*Id*. at 6.) Plaintiff seeks to hold Defendant liable for "any and all damages arising out of its termination without cause of his employment, including, but not limited to, lost wages, past, present, and future, loss of earning capacity, past, present, and future, emotional distress, loss of insurance and other benefits." (*Id*.) Plaintiff bases his claims on breach of contract, detrimental reliance,

and La. R.S. § 23:631, *et seq.* (*Id.*) Plaintiff demands all unpaid wages owed to him under the unexpired term of the contract. (*Id.*)

## II. Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for

3

relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

### III. Parties' Arguments

#### A. Defendant's Argument

Defendant makes two primary arguments as to why Plaintiff's claim under La. R.S. § 23:631, *et seq.* should be dismissed. First, Defendant argues that the statutory language of Section 23:631 demonstrates that it does not apply under these factual circumstances. (Doc. 5-1 at 3-4.) Second, Defendant claims that the decisions interpreting Sections 23:631 and 23:632 also support dismissal of Plaintiff's claims. (*Id.* at 4-7.)

Defendant's first argument is that the statutory language of La. R.S. §§ 23:631 and 23:632 does not support Plaintiff's claim. Citing *Gros v. LeBlanc*, 304 So. 2d 49, 51 (La. App. 1 Cir. 1974), Defendant argues that, because Sections 23:631 and 23:632 are penal in nature, they should be strictly construed. (Doc. 5-1 at 3.) Further, Defendant contends that the plain language of Section 23:631 only obligates an employer, upon termination of an employee, to pay the employee the wages that have previously been earned through his termination date. (*Id.* at 4.) Defendant specifically emphasizes that, in Section 23:631, the employer is only required "to pay the amount then due under the terms of employment." (*Id.* at 3.) Finally, Defendant states that

4

Section 23:632 only obligates an employer to pay penalties and attorney's fees if the employer fails to comply Section 23:631. (*Id.* at 4.)

Defendant's second argument, that the case law interpreting Sections 23:631 and 23:632 does not support Plaintiff's argument, centers on four cases. First, Defendant cites the Louisiana Supreme Court in *Boudreaux v. Hamilton Medical Group, Inc.*, 644 So. 2d 619 (La. 1994). (Doc. 5-1 at 4.) Defendant points to *Boudreaux* for the definition of "terms of employment" in Section 23:631, specifically, (1) that "terms of employment" should be defined as wages, and (2) that "wages" should be defined as money that is paid for the work done during a specific pay period. (*Id.*)

Second, Defendant cites to *Lamonte v. Premier Sales, Inc.*, No. 01-1117 (La. App. 5 Cir. 5/29/02), 821 So. 2d 120, as an extension of *Boudreaux* with facts more analogous to the case at issue. (Doc. 5-1 at 5.) Defendant argues that *Lamonte* held that when an employee has a fixed-term contract and is separated from employment before the end of the term, the employee may only recover for breach of contract and not under Section 23:631. (*Id.*) Thus, Defendant claims that the plaintiff in *Lamonte* could not recover attorney's fees pursuant to Section 23:631. (*Id.*) Additionally, Defendant cites to *Dubois v. Lifecare Management Services, LLC*, No. 07-0302, 2008 WL 269024 (W.D. La. Jan 30, 2008) for many of the same propositions expressed in *Lamonte*. (*Id.* at 6.)

Finally, Defendant relies upon *Keiser v. Catholic Diocese of Shreveport, Inc.*, No. 38,797 (La. App. 2 Cir. 8/18/2004), 880 So. 2d 230. According to Defendant, this case held that an employee who only works for 30% of the contract term is only entitled to 30% of the sick leave for which he would have been entitled over the full term of the contract. (*Id.*)

In conclusion, Defendant asserts that, although recovering "future wages" is theoretically possible under a breach of contract claim, it is not possible under Section 23:631. (*Id*. at 7.) As a result, Plaintiff's claims under this statute must be dismissed.

### B. Plaintiff's Response

In response, Plaintiff asserts that a Louisiana appellate court decision and Louisiana Civil Code article 2749 stand for the proposition that an employee with a fixed-term contract who is fired without cause may recover the entire amount of money due under the employment contract. (Doc. 9 at 3-4.) Citing to *Saacks v. Mohawk Carpet Corp.*, 03-0386 (La. App. 4 Cir. 8/20/03), 855 So. 2d 359, Plaintiff contends that, if he can recover under Article 2749 for a breach of an employment contract, then he can also recover attorney's fees and penalty wages under La. R.S. §§ 23:631 and 23:632. (*Id*. at 4-5.) Therefore, under this theory, Plaintiff would be due the remainder owed under the employment contract, attorney's fees, and penalty wages. (*Id*.)

Additionally, Plaintiff argues that Defendant's cases are distinguishable. First, *Boudreaux*, 644 So. 2d 619, differs from the case at hand because it dealt with an extra sum of money that was payable when the employment contract was terminated. (*Id*. at 6.) Conversely, here, Plaintiff was purportedly owed future wages under his alleged employment contract, not "additional compensation" payable after termination. (*Id*.) Regarding *Dubois*, 2008 WL 269024, Plaintiff attempts to distinguish this case by showing that the employee voluntarily terminated her service and was not discharged, as Plaintiff alleges he was. (*Id*.) Finally, Plaintiff urges that *Keiser*, 880 So. 2d 230, is different because it deals with voluntary termination and sick days instead of unpaid future wages. (*Id*. at 7.) In fact, Plaintiff argues that *Keiser* supports his argument because that case identifies sick days as a wage payable upon separation, and, here, Plaintiff was not paid for any accrued sick leave upon termination. (*Id*.)

### C. Defendant's Reply

In reply, Defendant challenges the applicability of Louisiana Civil Code article 2749 and the reliability of a single appellate court decision when Defendant claims a Louisiana Supreme Court decision is more on point. (Doc. 11 at 1-3.) Defendant characterizes Article 2749 as a "law of specific application" and urges that Sections 23:631 and 23:632 are laws of general application. (*Id*. at 1-2.) Therefore, Defendant argues that there is no legal basis to graft an award of attorney's fees to the specific remedies set forth in Article 2749. Additionally, Defendant restates that, because Section 23:631 and 23:632 are punitive in nature, they should be strictly construed. (*Id*. at 2.)

## IV. Discussion

### A. Jurisprudence Constante

Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Westlake Petrochems., L.L.C. v. United Polychem.*, Inc., 688 F.3d 232, 238 n.5 (5th Cir. 2012)). Therefore, if there are no Louisiana Supreme Court cases on point, the Court must make an "Erie guess" by deciding how the Louisiana Supreme Court would rule. *Jorge-Chavelas v. Louisiana Farm Bureau Cas. Ins. Co.*, 307 F. Supp. 3d 535, 549 (M.D. La. 2018), *aff'd*, 917 F.3d 847 (5th Cir. 2019).

Applying the substantive law of Louisiana is different from other states because it follows the civil law tradition. This Court has previously stated:

> In the context of Louisiana law, the Court must follow the civilian method in carrying out this task. *See Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003); *Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co.*, 179 F.3d 169 (5th Cir. 1999); *Stewart v. Ruston Louisiana Hosp. Co.*, No. 14-83, 2016

7

WL 1715192 at *3 (W.D. La. Apr. 27, 2016). This approach is followed because in Louisiana, jurisprudence is considered a secondary source of law, and the federal court is not bound by Louisiana appellate court opinions, particularly if there is "persuasive data that the highest court of the state would decide otherwise." *Am. Int'l Specialty Lines Ins. Co.* [*v. Canal Indem. Co.*, 352 F.3d 254, 260-61 (5th Cir. 2003).] Accordingly, the Western District has observed the civilian methodology requires examination of primary sources, if available on the given issue, prior to relying on lower court jurisprudence in order to make an "Erie guess." *Stewart*, 2016 WL 1715192 at *3.

*Id*.

Further, the Louisiana Supreme Court has stated, "we are a civilian jurisdiction in which legislation, the solemn expression of the legislative will, is the superior source of law." *Willis-Knighton Med. Ctr. v. Caddo Shreveport Sales & Use Tax Comm'n*, 04-0473 (La. 4/1/05), 903 So. 2d 1071, 1088. The Court added:

> Although Louisiana has never adopted the common law doctrine of *stare decisis,* it has followed the civilian doctrine of *jurisprudence constante.* The chief distinction between *stare decisis* and *jurisprudence constante* is that a single case affords sufficient foundation for *stare decisis,* while a series of adjudicated cases, all in accord, form the basis for *jurisprudence constante.*

*Id*. at 1088 n.17. Further, "[t]o Louisiana judges, prior judicial decisions are nothing more than interpretations of law." *Id*. at 1088 n.16 (quoting Albert Tate, Jr., *Civilian Methodology in Louisiana*, 44 Tul.L.Rev. 673, 678 (1970)).

Therefore, a single decision from a Louisiana Appellate Court is not dispositive in determining what the substantive law of the state is when making an *Erie* guess. Indeed, the Fifth Circuit has recently said "[t]hree decisions do not *jurisprudence constante* make. "*Jorge-Chavelas*, 917 F. 3d at 853.

### B. Principles of Statutory Construction

In Louisiana, "[t]he sources of law are legislation and custom." La. Civ. Code art. 1. Further, "[l]egislation is a solemn expression of legislative will." La. Civ. Code art. 2.

8

The Louisiana Legislature has provided certain principles of statutory construction which the Court must follow. *See* La. Civ. Code arts. 9–13. Specifically, in interpreting a Civil Code article or statute, if the wording of a law is clear and unambiguous and does not lead to absurd consequences, the letter of the law should not be disregarded. La. Civ. Code art. 9; *see also* La. R.S. § 1:4. Conversely, "[w]hen the language is susceptible of different meanings, it must be interpreted as having a meaning that best conforms to the purpose of the law." La. Civ. Code art. 10. Additionally, "[l]aws on the same subject matter must be interpreted in reference to each other." La. Civ. Code art. 13.

The Louisiana Supreme Court has also articulated additional principles of statutory construction:

> [I]t is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. As a result, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found. Finally, it is presumed that the legislature acts with full knowledge of well-settled principles of statutory construction.

*Moss v. State*, 05-1963 (La. 4/4/06), 925 So. 2d 1185, 1196 (internal quotations omitted).

### C. Louisiana Final Paycheck Law and Its Case Law

To state a claim under La. R.S. §§ 23:631 and 23:632, a plaintiff must show that his previous employer failed "to pay the amount then due under the terms of employment." Because these statutes are penal in nature, they must be strictly construed. *Boudreaux*, 644 So. 2d at 621. Additionally, attorney's fees are not allowed in Louisiana except where authorized by statute or contract. *See Rivet v. State*, 96-0145 (La. 9/5/96), 608 So. 2d 1154, 1160. Therefore, because Civil Code article 2749 does not explicitly allow attorney's fee, it cannot be the basis for the recovery of attorney's fees.

9

La. R.S. § 23:631(A)(1)(a) provides:

> Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee *to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month,* on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first. [Emphasis supplied.]

La. R.S. § 23:632 states:

> A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
>
> B. When the court finds that an employer's dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. If the court determines that the employer's failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section.
>
> C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

The Court next looks to previous Louisiana Supreme Court decisions interpreting the statute. In *Boudreaux v. Hamilton Med. Grp., Inc.*, 94-0879 (La. 10/17/94), 644 So. 2d 619, the Court stated, "it is obvious that 'the amount then due under the terms of employment' set forth in La. R.S. § 23:631 refer to wages which are earned during a particular pay period." *Id*. at 622. Further, "only compensation that is earned during a pay period will be considered wages under the statutes." *Id*. The Court also noted that because the statutes are "penal in nature, they must be strictly construed." *Id*. at 621 (quoting *Mitchell v. First National Life Insurance Co. of La.*, 263

La. 696, 109 So. 2d 61, 63 (1959)). *Boudreaux* is, however, distinguishable from the case at issue because it dealt with "additional payment" of a "a sum of money" that would be payable only when the employment contract was voluntarily or involuntarily terminated and not a normal salary. *Id*. at 622. Therefore, the Louisiana Supreme Court found that the "additional compensation" was not a "wage" as contemplated by Section 23:631. *Id*. at 622-23.

In *Lamonte v. Premier Sales, Inc.*, 01-1117 (La. App. 5 Cir. 5/29/02), 821 So. 2d 120, the Louisiana Fifth Circuit extended the reasoning in *Boudreaux* to a case similar to the one at bar in which a plaintiff claimed attorney's fees under Section 23:632 for the failure to pay "future wages" which were purportedly due under an employment contract. The Court held that Plaintiff's "cause of action for 'unpaid wages' was for future wages due under a breach of contract claim." *Id*. at 122. Further, "[d]amages for a breach of contract, even in the nature of lost wages, do not come under La. R.S. 23:631." *Id*. Therefore, the Court made a distinction between "future wages" due under a breach of contract claim and "unpaid wages" which would be due under a Section 23:631 claim.

Similarly, in a case predating *Boudreaux*, the Louisiana Third Circuit held in *Bartlett v. Doctors Hosp. of Tioga*, 422 So. 2d 660, 664 (La. Ct. App. 1982), that Section 23:631 and Civil Code article 2749 are two separate causes of action. The Third Circuit stated that Section 23:631 "creates a cause of action whereby a discharged or resigning employee can enforce his right to wages due [to] him at the termination of his employment." *Id*. However, "C.C. art. 2749 creates a cause of action whereby an employee, hired for a certain term and fired without just cause, can enforce his rights under the employment contract for the remaining portion of his salary." *Id*. The Louisiana Supreme Court has endorsed the holding in *Bartlett*. *See Andrepont v. Lake Charles Harbor & Terminal Dist.*, 602 So. 2d 704, 708 (La. 1992) ("the [T]hird [C]ircuit [C]ourt of

[A]ppeal found that an employee discharged without cause could sue for relief under both Article 2749 for future salaries, and La. R.S. § 23:631 *et seq*. for wages due at the termination of his employment, with penalties and attorney fees.").

In *Guidry v. Anderson Dunham, Inc.*, the Louisiana First Circuit echoed the Third Circuit in *Barlett*. 597 So. 2d 1184 (La. Ct. App. 1992). In *Guidry*, the court held that Sections 23:631 and 23:632 do apply to fixed-term employees, but only insofar as the employee is demanding "prompt payment of wages that are due to the employee at the time of termination." *Id*. at 1186. However, the Court noted that a fixed-term employee may also assert separate claims against an employer for breach of contract. *Id*.

However, the Fourth Circuit in *Saacks v. Mohawk Carpet Corp.*, 03-0386 (La. App. 4 Cir. 8/20/03), 855 So. 2d 359, 369-70, distinguished *Boudreaux* by holding that an amount then due under an employment contract can be "wages" under Sections 23:631 and 23:632 so long as the amount due is not "additional compensation," such as severance pay. This discussion was preceded by the Court finding that the employee had a fixed-term contract under Civil Code article 2749. *Id*. at 364-70. In sum, the Fourth Circuit awarded penalty wages and attorney's fees under Sections 23:631 and 23:632 as a result of non-payment of a fixed-term employment contract. *Id*. at 370.

### D. Analysis

In sum, the Court concludes that attorney's fees and penalty wages are not due under La. R.S. §§ 23:631 and 23:632 unless an employer failed to pay wages due during a pay period in which an employee had previously worked. This conclusion is supported by civilian principles of statutory construction as well as the case law.

### 1. Statutory Construction

As explained above, this Court must begin with an examination of the language of the statute at issue. La. R.S. § 23:631(A)(1)(a) provides:

> Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee *to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month,* on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first. [Emphasis supplied.]

Preliminarily, this Court finds that the statute is neither clear nor unambiguous. The phrase "terms of employment" could be read to mean either the terms of an employment contract (as Plaintiff argues) or the wages earned during a particular pay period (as Defendant contends).

Nevertheless, the Court also finds that two principles of statutory construction give Defendant the stronger position. First, accepting Plaintiff's argument would render the phrase "whether the employment is by the hour, day, week, or month" as surplusage. The latter phrase modifies the former and must be read together. Thus, the "amount then due under the terms of employment" refers to the time previously worked by an employee, whether the employee works "by the hour, day, week, or month."

Second, accepting Plaintiff's construction of Section 23:631 would leave Article 2479 without meaning. "It is presumed that the Legislature enacts laws with deliberation and with full knowledge of existing laws on the same subject." *Folse v. Folse*, 98-1976 (La. 6/29/99), 738 So. 2d 1040, 1047. Article 2479 allows for recovery by an employee for "the whole salaries of which he would have been entitled to receive" if he had not been terminated without cause before the end of an employment contract. Therefore, to hold that Section 23:631 allows recovery for the entire amount of an employment contract would violate this principle of statutory construction.

In sum, though Section 23:631 is ambiguous, Defendant must prevail. The Court finds that this section requires an employer to pay an employee for time previously worked and not the entirety of an employment contract.

**2. Case Law**

Case law also supports this conclusion. Only one Louisiana Appellate Court decision supports Plaintiff's claim that wages due under an employment contract pursuant to Article 2749 can be combined with penalty wages and attorney's fees that would be due under Sections 23:631 and 23:632. *See Saacks*, 855 So. 2d at 369. As previously discussed, a single case is not sufficient to form the basis for *jurisprudence constante*. *Willis-Knighton Med. Ctr.*, 903 So. 2d at 1088 n.17. Conversely, the Louisiana Supreme Court and other Circuit Courts have held that Section 23:631 and Civil Code article 2749 create separate causes of action. *See Andrepoint*, 602 So. 2d at 708; *Bartlett*, 422 So. 2d at 664; *Guidry*, 597 So. 2d at 1186. Therefore, this Court finds that damages owed to Plaintiff under a breach of contract claim, if any, are not subject to the penalties wages and attorney's fees afforded by Sections 23:631 and 23:632.

Further, Plaintiff's claim under Section 23:631 for future wages under an employment contract cannot stand on its own. Although the Louisiana Supreme Court in *Boudreaux* did not address a factual situation similar to the case at bar, it did provide insight on the meaning of Section 23:631. Specifically, the phrase "the amount then due under the terms of employment" refers to "wages earned during a particular pay period." *Boudreaux*, 644 So. 2d at 622. The Court found "only compensation that is earned during a pay period will be considered wages under the statute." *Id*. Accordingly, this Court finds that Plaintiff's claim for future wages under the purported employment contract are not owed under Section 23:631. Plaintiff had not earned

these future wages during a pay period at the time his employment was terminated. If Plaintiff has a claim for these unpaid future wages, it is under a breach of contract theory.

Nevertheless, Plaintiff does have one potential avenue of recovery remaining that will prevent dismissal of his Section 23:631 and 23:632 claims with prejudice. Specifically, Plaintiff alludes in his opposition to a claim for unpaid sick leave or unpaid vacation time. (Doc. 9 at 7-8.) Such a claim would be viable under Sections 23:631 and 23:632. *See Boyd v. Gynecologic Assocs. of Jefferson Par., Inc.*, 08-1263 (La. App. 5 Cir. 5/26/09), 15 So. 3d 268, 275; *Wyatt v. Avoyelles Par. Sch. Bd.*, 01-3180 (La. 12/4/02), 831 So. 2d 906, 913.

However, Plaintiff did not make any such claim in his complaint; he did so only in his opposition to the instant motion. Because this Court is limited to reviewing the complaint itself and not allegations raised for the first time in Plaintiff's opposition brief, *see Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 2018 WL 3596032, at *5 (M.D. La. July 26, 2018), Plaintiff's potential claims for unpaid sick leave or unpaid vacation time are not properly before the Court, and Defendant's motion must be granted.

However, given these possible claims, the Court will dismiss Plaintiff's claims without prejudice, and Plaintiff will be given leave to amend his petition to assert such claims under La. R.S. §§ 23:631 and 23:632, if he can do so in good faith. If Plaintiff fails to do so, his claims under these statutes will be dismissed with prejudice.

## V.     Conclusion

Accordingly,

**IT IS ORDERED** that *Defendant APTIM's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* (Doc. 5) is **GRANTED**. Plaintiff's claim against APTIM for attorney's fees and penalty wages under La. R.S. §§ 23:631 and 23:632 are hereby **DISMISSED WITHOUT**

**PREJUDICE**. Plaintiff is given twenty-eight (28) days in which to amend the operative complaint to cure the deficiencies therein. If Plaintiff fails to do so, the insufficient claims will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on July 1, 2019.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**