UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANGON EVANS** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-984-JWD-EWD** |
| **APTIM CORP.** | |

**SUMMARY ORDER**

This matter is before the Court on two cross-motions. The first is *APTIM Corp.'s Motion for Summary Judgment* (Doc. 23) ("*APTIM's MSJ*") filed by Defendant Aptim Corp. ("APTIM"). Plaintiff Langon Evans ("Plaintiff") opposes the motion (Doc. 28), and APTIM has filed a reply (Doc. 29). The second is *Plaintiff's Motion for Partial Summary Judgment* (Doc. 24) ("*Pl.'s MPSJ*"). APTIM opposes this motion (Doc. 26). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

In short, *APTIM's MSJ* is granted in part and denied in part. First, the Court finds that, when construing the evidence in a light most favorable to Plaintiff and drawing reasonable inferences in his favor, a reasonable juror could conclude that the October 9, 2017, memorandum was an offer for a five-year term of employment which was accepted. *See* Evans Responses ¶¶ 8–11, *Langon Evans Opposing Statement of Material Facts to APTIM Corp.'s Statement of Uncontested Facts* ("*Pl.'s OSMF*"), Doc. 28-1, and evidence cited therein. In sum, questions of fact preclude summary judgment on this issue.

Second, as to the detrimental reliance claim, the Court finds that, when drawing the same inferences and again construing the evidence in a light most favorable to Plaintiff, a reasonable juror could conclude that, if there was no contract, that the October 9, 2017, memorandum was a

promise for a five-year term of employment and that Plaintiff's reliance was reasonable. The Court agrees with Plaintiff that *May v. Harris Mgmt. Corp.,* 2004-2657 (La. App. 1 Cir. 12/22/05); 928 So. 2d 140, 148, is distinguishable. In *May*, the appellate court found:

> We hold that it is unreasonable as a matter of law to rely on an offer of at-will employment, just as it is patently unreasonable to rely on the permanency of at-will employment once it begins. The general rule that employment contracts are terminable at will *unless a specified duration is stated*, applies to both post-acceptance (or pre-performance) and post-performance phases of the at-will employment contract.

*Id.* (emphasis added); *cf.* La. Civ. Code art. 2024 ("A contract *of unspecified duration* may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party." (emphasis added). Here, a reasonable juror could conclude that the promise stated a specific duration; that is, unlike *May*, APTIM's offer to Plaintiff was for a fixed term of five years.

Third, as to the Plaintiff's claim under the Louisiana's Final Paycheck Law, La. Rev. Stat. §§ 23:631–632 ("LFPL"), the motion is granted in part and denied in part. The Court finds that Plaintiff has failed to create a question of fact on the issue of vacation time and that Plaintiff was paid all wages due. *See* Walker Decl. ¶ 7, Doc. 23-5; Evans Dep. 50–51, Doc. 23-3 at 13. However, the motion is denied as to the accrued sick leave. There is a split of authority on whether accrued sick leave is compensable under the LFPL. *Compare Boyd v. Gynecologic Assocs. of Jefferson Par., Inc.*, 08-1263 (La. App. 5 Cir. 5/26/09); 15 So. 3d 268, 275 ("The jurisprudence is clear that accrued vacation benefits are 'wages' for the purposes of La. R.S. 23:631 and La. R.S. 23:632. . . . The same is true for accrued sick benefits." (internal citations omitted)), *with Tran v. Petroleum Helicopters*, 2000-0051 (La. App. 3 Cir. 6/28/00); 771 So. 2d 673, 677 ("we can not find any law, either statutory or jurisprudential, that requires an employer to pay an employee the cash value of unused sick leave."). The Court agrees with *Boyd* and finds these amounts compensable. Further, a reasonable juror could conclude that Plaintiff accrued sick leave and that he was not compensated

for these amounts.  *See* Evans Response ¶ 13, *Pl.'s OSMF*, Doc. 28-1, and evidence cited therein. Thus, summary judgment on this issue will be denied.

For similar reasons, *Plaintiff's MPSJ* is denied.  The Court finds that, when construing the evidence in a light most favorable to APTIM and drawing reasonable inferences in its favor, a reasonable juror could conclude that the October 9, 2017, memorandum was not an offer or promise for a five-year term of employment and that there was no meeting of the minds on this issue.  (*See, e.g.,* APTIM Corp. Dep. (through Casey Walker) 10–12, Doc. 29-1 at 2 (testifying that APTIM "never had that conversation . . . about the five years or guaranteed five years of continued employment" and testifying that Tom Kaiser said he did not have that conversation either); *APTIM Corp.'s Statement of Uncontested Material Fact* ¶ 3, Doc. 23-2 (stating that Plaintiff never worked for APTIM or its predecessors pursuant to a contract for a set period of time and that there were only three individuals in the entire company with contracts of employment (the "C" suite executives)); *Pl.'s OSMF* ¶ 3, Doc. 28-1 (admitting this fact); Oct. 9, 2017, Mem., Doc. 23-6 at 2 ("This memo confirms effective October 2, 2017, the changes *to your compensation* related to your role as Executive Director . . ." (emphasis added)), 3 ("Langon, you have my commitment to continue to be an integral part of North Star 2022 where for the next 5 years we will diversify and grow Power beyond just the existing nuclear and fossil contracts & clients."); Evans Dep. 28–29, 32–33, Doc. 23-3 at 7–8 (testifying about the North Star 2020 vision as one for the "[e]ntire company").  Further, a reasonable juror could also conclude that any reliance on such a promise was unreasonable.  Finally, again, there are questions of fact as to whether Plaintiff accrued any sick leave at the time of his termination, as difference inferences and conclusions can be drawn from Walker's testimony on this issue. (*See* APTIM Corp. Dep. (through Casey Walker) 23–32, Doc. 23-4 at 4–6).

3

Accordingly,

**IT IS ORDERED** that *APTIM Corp.'s Motion for Summary Judgment* (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to Plaintiff's claim for unpaid wages for vacation time. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion for Partial Summary Judgment* (Doc. 24) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>July 22, 2020</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**