UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANGON EVANS** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-984-JWD-EWD** |
| **APTIM CORP.** | |

**RULING AND ORDER**

This matter comes before the Court on the *Motion for Reconsideration of Accrued Sick Leave Claim* (Doc. 42) filed pursuant to Fed. R. Civ. P. 59(e) by Defendant Aptim Corp. ("APTIM" or "Defendant"). Plaintiff Langon Evans ("Plaintiff" or "Evans") opposes the motion. (Doc. 44.) APTIM was given leave to file a reply memorandum (*see* Doc. 43), but that is unnecessary. Oral argument is also not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, APTIM's motion is denied.

## I.    Relevant Background and Parties' Arguments

This motion arises from the Court's *Summary Order* (Doc. 41) on the parties' cross-motions for summary judgment (Docs. 23, 24). In that order, the Court found, among other things:

> [A]s to the Plaintiff's claim under the Louisiana's Final Paycheck Law, La. Rev. Stat. §§ 23:631–632 ("LFPL"), the [Defendant's] motion is granted in part and denied in part. . . . [T]he motion is denied as to the accrued sick leave. There is a split of authority on whether accrued sick leave is compensable under the LFPL. *Compare Boyd v. Gynecologic Assocs. of Jefferson Par., Inc.*, 08-1263 (La. App. 5 Cir. 5/26/09); 15 So. 3d 268, 275 ("The jurisprudence is clear that accrued vacation benefits are 'wages' for the purposes of La. R.S. 23:631 and La. R.S. 23:632. . . . The same is true for accrued sick benefits." (internal citations omitted)), *with Tran v. Petroleum Helicopters*, 2000-0051 (La. App. 3 Cir. 6/28/00); 771 So. 2d 673, 677 ("we can not find any law, either statutory or jurisprudential, that requires an employer to pay an employee the cash value of unused sick leave."). The Court agrees with *Boyd* and finds these amounts compensable. Further, a reasonable juror could conclude that Plaintiff accrued sick leave and that he was not compensated

>for these amounts. *See* Evans Response ¶ 13, *Pl.'s OSMF*, Doc. 28-1, and evidence cited therein. Thus, summary judgment on this issue will be denied.

(Doc. 41 at 2–3.) The Court went on to deny Plaintiff's cross-motion on this issue, explaining that, "again, there are questions of fact as to whether Plaintiff accrued any sick leave at the time of his termination, as differen[t] inferences and conclusions can be drawn from [APTIM's corporate deponent Casey] Walker's testimony on this issue. (*See* APTIM Corp. Dep. (through Casey Walker) 23–32, Doc. 23-4 at 4–6)." (Doc. 41 at 3.)

APTIM now urges the Court to reconsider its ruling with respect to Plaintiff's LFPL claim for accrued sick leave. APTIM states:

>APTIM respectfully submits that, even if accrued sick leave is considered "wages" under the LFPL as a matter of law, there is no genuine dispute of material fact <u>under these circumstances</u> that Plaintiff had no accrued sick leave to which he was entitled at the time he was laid off by APTIM.

(Doc. 42-1 at 5.) Defendant asserts that it "affirmatively demonstrated in its MSJ that APTIM did not provide Plaintiff with any particular amount of accrued sick leave that could constitute 'wages' under the LFPL (even if otherwise accrued sick leave would constitute 'wages')." (Doc. 42-1 at 7.) APTIM argues that Plaintiff had the burden of demonstrating a genuine issue of material fact on this issue and that Plaintiff failed to do so. According to Defendant, Plaintiff relies only on "conclusory, unsupported evidence that has been universally panned as insufficient to overcome a valid motion for summary judgment." (Doc. 42-1 at 8.) APTIM says, "Plaintiff can point to nothing in the Policy that provides him accrued sick leave – or any amount of sick leave whatsoever," and there is similarly no evidence that "APTIM . . . treated any sick leave provided to its employees as having any cash value." (Doc. 42-1 at 8.) Defendant argues that Plaintiff can only point to his own self-serving testimony and "vague references to an undefined leave policy of some corporate predecessor." (Doc. 42-1 at 9.)

Plaintiff responds that "APTIM does not reach the threshold necessary for this court to reverse its ruling denying APTIM's motion for summary judgment. APTIM's motion does not present new evidence and it does not demonstrate a manifest error of law." (Doc. 44 at 1 (citation omitted).) Plaintiff asserts that APTIM's policy "does not overcome the unequivocal admission of APTIM that every year Mr. Evans worked for APTIM, he was given 40 hours of sick leave to use and that he was never paid for that leave on his termination." (Doc. 44 at 1.) Plaintiff then quotes at length the testimony of Defendant's corporate deponent Casey Walker on this issue. Plaintiff maintains that (a) his benefits from APTIM's predecessor's remain the same; (b) that Plaintiff never received the policy and was not required to forfeit his unused sick leave; and (c) the written policy does not require Plaintiff to lose unused leave on termination. (Doc. 44 at 3.) According to Plaintiff, APTIM's motion "plainly ignores [its] deposition testimony," and, to the extent there is a conflict between APTIM's written policy and the corporate testimony, "it creates a genuine issue of material fact." (Doc. 44 at 3.) Plaintiff closes:

> If a jury believes the above-quoted testimony from APTIM as true, it establishes that Mr. Evans was entitled to use 40 hours of sick leave in 2018, that he used none in 2018, and he was paid none on his separation. Because this court has found that unpaid sick leave is compensable as a matter of law under Louisiana's Final Paycheck Law, La. Rev. Stat.§§ 23:631–632, APTIM's motion for reconsideration of its motion summary judgment on this issue should be denied.

(Doc. 44 at 3.)

## II. Discussion

### A. Relevant Standard and Applicable Law

When a motion for reconsideration " 'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (per curiam) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to

3

correct manifest errors of law or fact or to present newly discovered evidence.' " *Id*. (quoting *Templet*, 367 F.3d at 478). " 'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.' " *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Id.* (quoting *Templet*, 367 F.3d at 479).

> The LFPL provides in relevant part:
>
> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee *to pay the amount then due under the terms of employment*, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

La. Rev. Stat. Ann. § 23:631(A)(1)(a) (emphasis added). As stated in the Court's prior ruling, while there is a split in authority on the issue, this Court finds that, under Louisiana law, accrued sick leave is compensable under the LFPL. *See Boyd*, 15 So. 3d at 275 ("The jurisprudence is clear that accrued vacation benefits are 'wages' for the purposes of La. R.S. 23:631 and La. R.S. 23:632. . . . The same is true for accrued sick benefits.").

### B. Analysis

In short, APTIM's motion will be denied. Preliminarily, the Court notes that APTIM is largely rehashing evidence and argument that either were asserted in its prior motion or that could have been offered before the Court's ruling. This is not a valid basis for a motion for reconsideration. *See Allen*, 721 F. App'x at 328 (quoting *Templet*, 367 F.3d at 479). On that ground alone, Defendant's motion could be denied.

Additionally, the Court agrees with Plaintiff that Walker's corporate testimony creates a question of fact on this issue. Walker disputed the use of the word "accrue" but ultimately testified:

4

> A. At the beginning of— At the, beginning of every year, every field non-manual salaried individual is given 40 hours of sick leave for the year. We do not accrue it. . . .
>
> A. They're given a 40 hour allotment of sick leave. . . .
>
> A. I mean, it's not an accrual. You will -- We accrue vacation based you know, 80 hours. It's .0335 or whatever it is. Sick leave, we do not accrue. It's just you're given 40 hours at the beginning of the year and that's your allotment for the year.
>
> Q. All right. And you can use it at any time?
>
> A. In that calendar year.
>
> Q. All right. Now, tell me, in – Would you agree that for Langon Evans, for every year that he worked at APTIM, that he had 40 hours of sick time that he could use at any time during the year as of January 1 of each year?
>
> A. That is correct. . . .
>
> Q. When Langon Evans was terminated on February 23, 2018, would you agree that he had not used any sick leave for the year between January 1, 2018 and February 23, 2018?
>
> A. Correct. He did not.
>
> Q. And you would agree that he was not paid any portion of the 40 hours of sick leave upon his separation?
>
> A. Sick leave is not paid upon separation.
>
> Q. Would you agree that his was not paid on separation?
>
> A. His was not paid upon separation.

(APTIM Corp. Dep. (through Casey Walker) 23–27, Doc. 23-4 at 4–5). Construing the evidence in a light most favorable to Plaintiff and drawing reasonable inferences in his favor (as the Court must do on Defendant's motion for summary judgment),[1] the Court finds that a reasonable juror

---

[1] The Court agrees with Plaintiff's suggestion that Walker's testimony is inconsistent, and this is precisely why the Court denied Plaintiff's motion for summary judgment on this issue. (*See* Doc. 41 at 3 ("Finally, again, there are

5

could find that Plaintiff was entitled to 40 hours of sick leave in 2018, that he did not use any of this leave, and that he was not paid it upon his separation.

Again, reconsideration is "an *extraordinary remedy* that should be used *sparingly*." *Allen*, 721 F. App'x at 328 (emphasis added, citation omitted). Such a motion should only be granted for newly discovered evidence or *manifest* errors of law or fact. *Id.* (citation omitted). Here, Defendant has not met its burden. Plaintiff has established questions of fact on his LFPL claim. As a result, Defendant's motion will be denied.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion for Reconsideration of Accrued Sick Leave Claim* (Doc. 42) filed by Defendant Aptim Corp. is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 8, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

questions of fact as to whether Plaintiff accrued any sick leave at the time of his termination, *as difference inferences and conclusions can be drawn from Walker's testimony on this issue*. (*See* APTIM Corp. Dep. (through Casey Walker) 23–32, Doc. 23-4 at 4–6)).